## Abner v. Commonwealth.

(Decided Nov. 10, 1936.)

MAYE H. BRISCOE and BEVERLY WHITE for appellant.

B. M. VINCENT, Attorney General, and ROSCOE VINCENT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Harlan Abner appeals from a five-year sentence for mule stealing.

A reversal is asked on the ground that the evidence was not sufficient either to take the case to the jury or to sustain the verdict.

Briefly stated, the evidence is as follows: On the night of April 10th, Jesse Bowman placed in the pasture of Obe Howard a fourteen year old mule which he owned. Appellant, Harlan Abner, lived on the Obe Howard farm. The next day the mule was gone, although the gates were all closed. A few days later Bowman had a conversation with appellant concerning the mule, but appellant said he knew nothing about the mule. Later on Bowman found the mule in the adjoining county of Estill at the farm of one Sandy Woosley with its tail bobbed and one eye nearly out. Sandy Woosley, a third cousin of appellant, testified that Thomas Abner, brother of appellant, brought the mule to his place and told him that he could work it on his farm if he chose to do so. Neither appellant nor his brother, Robert Abner, ever had any conversation with him concerning the mule. According to Levi Clem, he formerly lived in Estill county and was conducting a sale of his effects on April 11th. About 7 a. m. Robert Abner arrived with a mule and left the mule tied to a tree. Robert Abner went away, and Harlan Abner stated that he wanted the mule sold at the sale that day; that he and Robert Abner had won the mule in a crap game the night before. Witness told Harlan the mule should not be sold at once as it might have been taken from some one and put in the crap game, and they should wait a few days so that they might find the owner if it was stolen. Harlan agreed with him, and some minutes later Thomas Abner, Harlan's brother, got on the mule and rode it away in the direction of the home of Sandy Woosley. He did not see appellant on or take hold of the mule at any time. Appellant was not there when the mule was brought, and did not take it away.

On the other hand, appellant testified that he lived on the Obe Howard farm. On the night of April 10th he and his brother Abner, who lived in Estill county and was visiting him, left his home intending to go to Estill county. On the road to Estill county they met three men whom they did not know and had never seen since. One of these men was leading a mule, and there was a car nearby. The men suggested that they have a crap game. He did not join in the game, but loaned the money to his

brother, who eventually won the mule from the man who claimed that it was his own, but lost his money to the other two men. It was raining before they started the game, but had quit, and they played by the light of a fire which they built. He and his brother left there about 3:30 a. m. and retraced their steps to Clay City and on to Powell Valley, where his brother left him and rode on to Estill county while he went to his home. He then fed two young mules and went to Estill county on foot and arrived at Levi Clem's at about eight in the morning. His brother had ridden the mule all the time, and he had not had hold of it, but had walked. Levi Clem told him that Robert had brought a mule there and wanted to sell it, but Levi counseled him not to sell it for a few days as the mule might have been stolen and the owner might call for it. He agreed with Levi, and the mule was not sold and he did not touch it at any time. Robert Abner, appellant's brother, testified substantially to the same effect.

The argument is that there was no proof that the mule was ever in the possession of appellant. It was not necessary, of course, to show that appellant rode the mule, or ever had his hand on the mule. The mule was on the premises where appellant lived. Although all the gates were locked, it disappeared from the premises. Not only was the evidence of the commonwealth to the effect that appellant's brother rode the mule to the home of Levi Clem, but it also showed that shortly thereafter appellant himself appeared there and requested that the mule be disposed of at the sale. Aside from this appellant admitted that his brother was riding the mule, and he himself was walking along the road. Appellant's only defense is that his brother won the mule in a crap game from three men whom they did not know and had never seen since. They do not claim that they did not have the mule with them as they left the crap game. Looking at the case in the light of the proven facts, coupled with the improbable story that the mule was won in a crap game, not only is it apparent that the evidence of appellant's participation in the larceny was sufficient to take the case to the jury and to sustain the verdict, but it is not perceived how the jury could have reached any other conclusion.

Judgment affirmed.